**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| CAZZIE L. WILLIAMS, : | |
| : | Civil No. 10-2953 (WJM) |
| Petitioner, : | |
| : | |
| v. : | |
| : | **OPINION** |
| DONNA ZICKEFOOSE, : | |
| : | |
| Respondent. : | |

**APPEARANCES**:

    **CAZZIE L. WILLIAMS**, Petitioner pro se
    # 25079-050
    FCI Fort Dix
    P.O. Box 2000
    Fort Dix, New Jersey 08640

**MARTINI, District Judge**

    Petitioner, Cazzie L. Williams, a federal inmate presently confined at the FCI Fort Dix in Fort Dix, New Jersey, brings this petition challenging his sentence and conviction on the ground that his conviction was null and void because the District Court had no jurisdiction to render judgment.  For the reasons stated below, the Court will dismiss this petition for lack of jurisdiction.

## I. BACKGROUND

Petitioner filed this habeas petition June 7, 2010. He submitted a complete application to proceed in forma pauperis, and it appears that he qualifies for indigent status. Petitioner appears to contend that his judgment of conviction is invalid, null and void because he did not enter a guilty plea to any specific federal offense. Consequently, he brings this petition for a writ of habeas corpus under 28 U.S.C. § 2241.

Petitioner admits that he entered a plea of guilty to a four count indictment on April 14, 2003, in the United States District Court for the District of New Jersey, before the Honorable Joseph A. Greenaway, Jr. He alleges that his plea was entered to an indictment that charged no crime, and states that the transcript of the plea shows that he did not plead guilty to a specific crime. Petitioner was sentenced on November 17, 2003, to a prison term of 156 months.

Petitioner attaches the indictment, the April 14, 2003 plea transcript, and the judgment of conviction, all of which confirm that he plead guilty to four counts of bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2. The plea transcript shows that Petitioner recounted the bank robberies occurring in New Jersey, which form the basis of his judgment of conviction. In short, there is no proof or evidence that Petitioner pled guilty to no

charge or crime that would serve to render his judgment of conviction null and void.

Petitioner admits that he filed a direct appeal from his conviction, as well as a motion challenging his conviction and sentence under 28 U.S.C. § 2255, all of which were unsuccessful.

## II.  DISCUSSION

### A.  Sua Sponte Dismissal

Petitioner brings this action as a petition for habeas corpus relief.  "Habeas corpus petitions must meet heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994).  A petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified."  See 28 U.S.C. § 2254 Rule 2(c) (amended Dec. 1, 2004), applicable to § 2241 petitions through Habeas Rule 1(b).

A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there."  28 U.S.C. § 2243.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025.

B.   <u>Jurisdictional Issue</u>

Generally, challenges to a federal sentence or conviction are made by motion under 28 U.S.C. § 2255, brought before the sentencing court.  28 U.S.C. § 2255; <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

A motion under 28 U.S.C. § 2255, and not a writ of habeas corpus under 28 U.S.C. § 2241, is the presumptive means by which a federal prisoner can challenge his conviction or sentence that are allegedly in violation of the Constitution.  <u>See</u> <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>Okereke</u>, 307 F.3d at 120.  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under the general writ of habeas corpus, unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the

petitioner's detention.[1]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

A § 2255 motion is inadequate or ineffective "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id.  "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable

---

[1] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

Here, Petitioner does not contend that § 2255 is "inadequate or ineffective."  Rather, he manufactures a baseless claim that the District Court which entered the judgment of conviction had no jurisdiction to do so because his plea of guilt to no crime rendered his conviction null and void.

Accordingly, this Court concludes that Petitioner has not demonstrated that a § 2255 petition is inadequate or ineffective because he has failed to show any "limitation of scope or procedure [that] would prevent a § 2255 proceeding from affording him a full hearing and adjudication" of his claim for relief. Cradle, 290 F.3d at 538.  Section 2255 is not "'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

Accordingly, this Court construes this action, which seeks to challenge the validity of a judgment of conviction, as one for relief under 28 U.S.C. § 2255, rather than under § 2241. Regardless of the label used by Petitioner, the subject matter of the petition, and not the title he assigns, determines its

status.[2]  The relief sought by Petitioner in this case falls squarely within the grounds for which a prisoner may challenge his sentence or conviction pursuant to Section 2255.  See Reaves, 177 Fed. Appx. at 213 (a motion under § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence); United States v. Coleman, 162 Fed. Appx. 163, 164 (3d Cir. 2006) (same).

To the extent that Petitioner now wishes to challenge the validity of his conviction, he must do so by a motion under § 2255, which must be brought in the court where he was convicted and sentenced.  Petitioner admits that he filed a § 2255 motion, which was denied, and which the United States Court of Appeals for the Third Circuit denied on February 9, 2010.  The Supreme Court denied a writ of certiorari on April 10, 2010.[3] Consequently, his action is now a prohibited second or successive § 2255 motion.

Consequently, this Court lacks jurisdiction over this petition, and it should be dismissed accordingly.  Whenever a

---

[2]  This Court is mindful that Petitioner carefully avoids labeling his action as a § 2241 habeas petition.  However, Petitioner also seeks to avoid characterizing his action as a § 2255 motion, so as to preclude having his action dismissed for lack of jurisdiction.  In other words, Petitioner is attempting to use the issue of jurisdiction as both a shield and a sword, albeit, unsuccessfully.

[3]  Petitioner admits that he raised his jurisdictional argument on direct appeal.

civil action is filed in a court that lacks jurisdiction, however, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.  Here, this Court declines to transfer this case to the Third Circuit for leave to file a second or successive petition as Petitioner admits he has raised this jurisdictional argument on direct appeal, which was denied.  Therefore, this petition will be dismissed with prejudice for lack of jurisdiction.

## **CONCLUSION**

Based on the foregoing, this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby dismissed for lack of subject matter jurisdiction.  All other applications and affidavits for relief submitted in this action are dismissed as moot.  An appropriate Order accompanies this Opinion.

s/William J. Martini

WILLIAM J. MARTINI
United States District Judge

Dated:12/29/10